FRANCES C. RIENZO *v.* JOHN SANTANGELO

ALCORN, C. J., HOUSE, COTTER, THIM and SHAPIRO, Js.

Argued January 5—decided February 4, 1971

*Richard L. Jacobs,* for the appellant (plaintiff).

*John H. Peck,* for the appellee (defendant).

SHAPIRO, J.  Frances Cannelli Rienzo, hereinafter referred to as the plaintiff, brought this action claiming that she suffered injuries while on the premises of the defendant and as a result of the defendant's negligence. The defendant denied negligence and pleaded a special defense of contributory negligence.  The case was tried to a jury which returned a verdict for the defendant.  The court denied the plaintiff's motion to set the verdict aside and rendered judgment for the defendant.  The plaintiff appealed and in her brief has pursued assignments of error directed at the finding, the charge to the jury, and a ruling on evidence.  We find that our decision on the ruling on evidence is dispositive of the appeal.

The complaint alleged the following:  (1) That on June 17, 1961, at approximately 2:15 a.m., the plaintiff came onto the defendant's premises, known as

Valley Bowl; (2) that she attempted to enter the Valley Bowl building at its north end but the door was locked; (3) that she then walked south alongside the building seeking an entrance and headed for what appeared to be a pair of doors toward the southerly end of the front of the building, but instead struck a pane of glass adjacent to and at a right angle to a pair of doors. The allegations of negligence in the complaint were predicated on the location of the pane of glass which the plaintiff allegedly struck.

On the trial, the plaintiff testified in her own behalf and laid the foundation for the admission of five photographs which were offered and marked into evidence. She used these photographs to describe where on the defendant's premises she sustained her injuries. She testified to the following: At about 2:15 a.m. on the morning in question she came onto the defendant's premises, looking for a pay telephone from which to make a call. She parked her car in the parking area and then walked to the north end of the building where the door was locked. She then walked alongside the front of the defendant's building to the end of some shrubbery at the south end of the building. She then stepped onto a cement paving and walked into a windowpane.

On cross-examination, the plaintiff gave answers which indicated that the photographs used by her to describe where her injuries were sustained did not give an unobstructed view of the place on the premises where she testified she had struck the glass. The defendant's counsel then asked the plaintiff how soon after the accident she had talked with her attorney, to which an objection was made and overruled and an exception noted. The plaintiff answered that she had consulted her attorney by

telephone two days after she was injured. In the absence of the jury, the defendant's counsel stated that he proposed to ask the plaintiff the question, "Did you tell your attorney where on the premises this accident occurred?". Objection was made on the grounds that it infringed upon the attorney-client privilege and that it was prejudicial and irrelevant. In urging its admissibility, the defendant's counsel stated: "I don't intend to ask this witness, 'What did you tell your attorney?' All I've asked her so far is, 'Did you tell your attorney where on the premises the accident occurred?'". He also claimed that the answer would affect the plaintiff's credibility in that "it clearly shows that she has told her attorney where it happened." The question was allowed by the court and an exception was noted. The jury were recalled and the plaintiff was asked, "Did you tell your attorney where on the premises this accident occurred?". In response to this question the plaintiff answered "Yes".

The question, "Did you tell your attorney where on the premises this accident occurred?", is what is here in issue. It is clear that by asking this question the defense counsel was trying to create the inference in the minds of the jury that the plaintiff must have related to her attorney a location where her injuries occurred other than that to which she had testified. This is borne out by the defendant's claims of proof (1) that the plaintiff told her lawyer that she struck a pane of glass at Valley Bowl other than the one to which she testified at the trial, and (2) that the plaintiff struck a pane of glass at Valley Bowl other than the one she testified at the trial to having struck. Furthermore, in his closing argument to the jury, the defendant's counsel stated that the plaintiff had to tell her counsel "her whole story

where and how it happened" and that "if that was where this accident occurred [the location testified to by the plaintiff], you would have had photos clearly showing the area".

The common-law rule of privileged communications has been stated as follows: "Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived." 8 Wigmore, Evidence § 2292, p. 554 (McNaughton Rev. 1961); see also *Doyle* v. *Reeves,* 112 Conn. 521, 523, 152 A. 882, quoting almost identical language in 5 Wigmore, Evidence (2d Ed.) § 2292. We have not, as have some states, any statute altering this rule. One of the essential elements of the claim of privilege between attorney and client is that the communication be confidential. *State* v. *Hanna,* 150 Conn. 457, 466, 191 A.2d 124; *Doyle* v. *Reeves,* supra; *Turner's Appeal,* 72 Conn. 305, 318, 44 A. 310; McCormick, Evidence § 95. The privilege being for the protection of the client in his subjective freedom of consultation, it would obviously be defeated if the disclosure of the confidences, though not compellable from the attorney, was still obtainable from the client. Accordingly, under the modern theory, it has never been doubted that the client's own testimony is equally privileged. 8 Wigmore, op. cit. § 2324, p. 631. The client's offer of his own testimony in the cause at large does not constitute a waiver for the purpose either of cross-examining him as to the communications or of calling the attorney to prove them. If this were otherwise, the privilege of consultation would be exercised only at the

penalty of closing the client's own mouth on the stand. 8 Wigmore, op. cit. § 2327, p. 637; see McCormick, op. cit. § 97.

The purpose and effect of the question, "Did you tell your attorney where on the premises this accident occurred?", was to reveal a direct communication from client to attorney. The communication related to a matter which was an essential part of disclosures necessary to complete confidentiality between client and attorney. By the asking of the question, the credibility of the plaintiff came into issue because of what she told her attorney and not as a result of proper cross-examination. This is most clearly demonstrated by the already recited claim of proof that the plaintiff told her lawyer that she struck a pane of glass at Valley Bowl other than the one to which she testified at the trial. The fact that the plaintiff testified as to how and where she was injured, of course, subjected her to cross-examination in order to attack her credibility. It did not constitute a waiver of her attorney-client privilege as to what she told her attorney as to where she fell. Under the circumstances of this case, we can see no essential distinction between the question, "What did you tell your attorney?", and the question in issue. The attorney-client privilege is not to be vitiated by a distinction in semantics. The resort to the question in issue went beyond the scope of proper cross-examination and was an improper invasion of the privilege. It was clearly prejudicial and harmful.

The court's ruling on the issue of attorney-client privilege constituted harmful error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.