HAROLD H. BEAL, JR. *v.* A. A. WASHTON

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 63180
NEW LONDON AT NORWICH

Memorandum filed October 20, 1983

*Sorokin & Sorokin,* for the plaintiff.

*A. A. Washton,* pro se, and *Schatz, Schatz, Ribicoff & Kotkin,* for the defendant.

MACK, J. The plaintiff moves to compel the defendant, Attorney A. A. Washton, to produce for inspection by the plaintiff each and every document in his possession relating to, referring or describing agreements or transactions between or among the seller, the buyer, the financial backer (the plaintiff) and Washton relating to the sale and purchase of an automobile dealership. The plaintiff alleges that Washton represented him in this transaction, as well as representing the buyer and the seller. Washton acknowledges representing the buyer and the seller, each of whom executed the necessary waiver. Washton denies representing the plaintiff and claims the attorney-client privilege in opposition to the plaintiff's motion to compel.

The facts disclose a meeting of the buyer, the plaintiff and Washton on February 9, 1979. Other meetings between the buyer or the seller and Washton were in the absence of the plaintiff.

The plaintiff is seeking discovery of "each and every document in [Washton's] possession relating to, referring to or describing agreements or transactions between any of the following individuals: Louis DeMarco, Harold Beal, A. A. Washton and Sigmund Strochlitz including, but not limited to, correspondence, agreements, memoranda, cancelled checks, ledger sheets, invoices, notes, files and logs." The "granting or denial of a discovery request rests in the sound discretion of the court. *Kiessling* v. *Kiessling,* 134 Conn. 564 [59 A.2d 532] (1948)." *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 57–58, 459 A.2d 503 (1983). Discretion is limited, however, by the rules pertaining to discovery. Id. Practice Book § 219 states that discovery may not be had if the communications sought to be discovered are privileged. Objection is proper if the communications are protected by the attorney-client privilege.

Connecticut has adopted the common law principle of attorney-client privilege. The Connecticut Supreme Court, in *Doyle* v. *Reeves,* 112 Conn. 521, 152 A. 882 (1931), defined this privilege with reference to the definition set forth in 5 Wigmore, Evidence (2d Ed.) § 2292. In *Rienzo* v. *Santangelo,* 160 Conn. 391, 395, 279 A.2d 565 (1971), the Supreme Court reaffirmed its adherence to this definition: " 'Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.' 8 Wigmore, Evidence § 2292, p. 554 (McNaughton Rev. 1961)." This rule has not been altered by statute in Connecticut.

The burden of proving facts essential to the privilege is on the person asserting it; this includes providing the essential element that the communication was confidential. *State* v. *Hanna,* 150 Conn. 457, 466, 191 A.2d 124 (1963); *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 581, 102 A.2d 345 (1954). The privilege is generally destroyed if the communication is divulged to, or overheard by, a third party. *Miller* v. *Anderson,* 30 Conn. Sup. 501, 504, 294 A.2d 344 (1972). The rationale for this rule lies in the nature of such a privilege. There is no manifest intent to be confidential, and the truth-seeking function of the court outweighs any inference of such intent. See 81 Am. Jur. 2d, Witnesses § 187 et seq.

Any communications made in the presence of the plaintiff are discoverable.

The plaintiff also seeks discovery of communications made out of his presence. In the instance of a direct communication from a client to his attorney made in or sent to the attorney's office, relatively little factual

foundation would be required to establish the privilege and, so, to establish the inadmissibility of any question concerning the subject matter of the communication. *State* v. *Hanna,* supra; *McWilliams* v. *American Fidelity Co.,* supra. "[I]f [this] results in the protection of the attorney it does so only accidentally as a result of assertion of the client's right." 81 Am. Jur. 2d, Witnesses § 219.

The defendant Washton denies any agreement to act as the plaintiff's attorney. The fact that the communications sought to be discovered were made in or sent to Washton's office satisfies the requirements of *Hanna* and *McWilliams.* Although an exception to the privilege exists when two clients consult a lawyer jointly; *Doyle* v. *Reeves,* supra; the court need not make a determination of Beal's status at this point.

Discovery is ordered as to any communications made in Beal's presence. If Beal can then demonstrate his status as a client, he may seek further discovery consistent with the joint client exception to the attorney-client privilege.

The motion to compel is denied as to those communications made out of Beal's presence.