[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DISCOVERY AND ATTORNEY PRIVILEGE
The issue before this court is whether the plaintiff should be ordered to comply with the defendant's request for the documents which were redacted by the plaintiff on the ground of attorney-client privilege, and on the ground that they are the work product of the plaintiff's attorney or prepared in anticipation of litigation.
FACTS
This motion to order compliance brought by the defendant, Donald H. Buddenhagen, against the plaintiff, Sunwood Condominium Association, arises out of an action seeking declaratory relief and damages.
As to the discovery at issue, the defendant on or about April 18, 1991 requested that plaintiff produce the complete text of its corporate minutes from June 16, 1986 through November 11, 1990.
On or about May 15, 1991, the plaintiff objected to the request, on the ground that it was too broad.
At a pretrial hearing, held on May 23, 1991, before this court, it was decided that the plaintiff would forward to the defendants all the Corporate minutes requested, subject to any privileges the defendant might claim.
Both parties acknowledge that on or about June 10, 1991, the plaintiff forwarded all but 15 pages of the requested documents to the defendant, asserting that some redacted portions referenced privileged attorney-client communications while others were the work product of plaintiff's attorney CT Page 8707 in anticipation of litigation. The plaintiff does not indicate which portions are privileged communications and which are work products.
On June 20, 1991, the defendant filed a motion for order of compliance, pursuant to Practice Book 231, accompanied by a supporting memorandum of law. In his motion and memorandum, defendant claims that the redacted minutes are necessary for purposes of his claim that the plaintiff commenced litigation against him without probable cause and with malice; that in an earlier identical lawsuit, later dismissed, the plaintiff failed to object to the request for minutes from February through December, 1986, and is therefore precluded from objecting now, that all minutes prior to the commencement of the original lawsuit, filed on October 29, 1986, could not have pertained to matters of litigation; that communications with counsel instructing them to bring suit without probable cause should not preclude the redacted minutes from discovery, that the assertion that the minutes were prepared in anticipation of litigation is without merit, as they are required to be kept under the bylaws of the plaintiff; that the objections made on May 15, 1991 failed to claim the privileges now claimed; that the meetings at which the requested minutes were taken were public meetings, and that no indication is made in the minutes that the board intended for any counsel input or reference to be confidential. In the alternative, the defendant requests the court to make an in camera inspection of the redacted portions of the minutes and determine whether they are protected by the doctrines of privileged communications and work product prepared in anticipation of litigation.
The plaintiff filed its objection to the motion on August 19, 1991. In addition to reasserting its claims of attorney-client privilege and the work product doctrine, the plaintiff generally defends against the defendants' claims.
DISCUSSION
"The granting or denial of a discovery request rests in the sound discretion of the court. . . Discretion is limited, however, by the rules pertaining to discovery." Beal v. Washton, 39 Conn. Sup. 167, 168 (Mack, J. 1983), citing Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 57-8,459 A.2d 503 (1983). "Practice Book 219 states that discovery may not be had if the communications sought to be discovered are privileged. Objection is proper if the communications are protected by the attorney-client privilege. Beal, 39 Conn. Sup. at 168. CT Page 8708
"[A basic Principle] of the attorney-client privilege [is] undisputed. Communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice." State v. Cascone, 195 Conn. 183, 186
(1985). By contrast, statements made in the presence of a third party are usually not privileged because there is then no reasonable expectation of confidentiality. Id. See also State v. Gordon, 197 Conn. 413, 424, (1985).
"Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser. . ." Beal,39 Conn. Sup. at 169, citing Rienzo v. Santangelo, 160 Conn. 391,395, 269 A.2d 565 (1971).
"Nevertheless," [t]he mere fact that a party has [documents] prepared because he anticipates future litigation is insufficient to clothe [them] with the attorney-client privilege. . . ." Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86, 95 (1967). Moreover, documents prepared but "not requested by or procured for the benefit of. . . counsel," are not insulated by the claim of privilege and confidentiality. Id.
Lack of involvement of counsel is also dispositive of a claim of `work product.' "Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation. Even if [the documents] are the work product of an attorney, however, this would not necessarily make them immune to discovery." Stanley Works, supra.
If a party can demonstrate both "substantial need of the materials in the preparation of his case and that he is unable without due hardship to obtain the substantial equivalent of the materials by other means", discovery may be ordered. Practice Book 219. But, "the court shall not order discloser of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Id.
The first redacted portion comes from minutes dated June 16, 1986.
This paragraph presumably refers to retention of an attorney for the lawsuit filed in October of 1986, which was subsequently dismissed, and was the predecessor of this lawsuit. The redacted portion contains references to the CT Page 8709 mental impressions and opinions of the plaintiff's then attorney, and thus Practice Book 219 bars discovery.
The second redacted portion comes from minutes dated June 26, 1986.
 The June meeting was opened at 7:40 p. m., with Norm Victor presiding as President. Norm presented a copy of an agreement to be voted on that night from Atty. Stan Lesslor regarding our legal matter with Jules Cayer. Norm suggested that we strongly consider the agreement as to do otherwise, would mean to go into court litigation, which would cost between $10 and $12,000, which would be non-recoverable. The agreement was to be made a part of the minutes and Norm desired to abstain from voting as his wife is presently working for the builder.
Although the agreement referred to, supra, may be privileged, reference to the agreement, absent any disclosure of its contents, does not qualify for the privilege. Therefore, this passage is discoverable.
The third portion redacted is from minutes dated September 11, 1986:
 Discussion is held concerning the progress of action regarding the sewer easement. Lipson and Sobel report that they are to meet with an attorney on September 12. Discussion is also had as to what the options are. Stated options are: to pursue claim against insurance policy for directors' liability; to take legal action by way of declaratory judgment and/or injunction (as set forth in opinion of Knott and Berry; or to plug up the Buddenhagen end of the sewer and write a letter stating that we would be open to negotiation of a new agreement. Sallye Warren is to check into what effect a claim against the directors' liability portion of the insurance policy would have on our insurability and future premium rates. Sobel and Lipson are to report back at next board meeting regarding selection of a law firm and pursuit of action.
This passage is devoid of any attorney involvement, and it is therefore discoverable by the defendant.
The fourth redacted portion comes from minutes dated September 17, 1986. CT Page 8710
Inasmuch as paragraph 6 of the redacted portion refers to legal advice given by the plaintiff's attorney regarding an agreement, this paragraph is therefore protected by the attorney-client privilege. Only paragraph 6 is protected, leaving the rest of this redacted portion to be discovered by the defendant.
The fifth redacted portion of minutes is dated September 24, 1986, and includes a letter dated September 19, 1986, from former board member Frank Showah.
All of the redacted minutes from September 24, 1986 are protected by the attorney-client privilege inasmuch as they reflect the legal advice of the plaintiff's attorney. Further, while a letter dated September 19, 1991 might not be protected in and of itself, since it was read into the minutes and ostensibly became part of the legal advice of the plaintiff's attorney, it is not to be subject to discovery by the defendant.
The sixth portion of redacted minutes is dated October 29, 1986:
 Frank Showah has copy of Buddenhagen/Sunwood agreement re sewer easement. Copies will go to Board members. The complaint will be served this or next week. Counsel will be advised that all correspondence copies to Group Concepts; copy to Board members. Attorney will send copy directly to Frank Showah, President.
There is nothing in the above that falls under any privilege, and therefore is subject to discovery by the defendant.
The seventh and eighth portions of redacted minutes are dated February 9, 1987 and May 11, 1987, respectively.
 Discussion took place over the court action against Buddinhagen [sic]. Frank Showah met with the attorneys and the Board will proceed with the court action.
 Sunwood Condo vs Sunwood Corp: Motion related thereto.
Lacking any disclosure of the contents of the discussion referred to in the February 9, 1987 minutes, this portion shall be disclosed. However, the Court rules that. the portion redacted in the May 11, 1987 minutes is privileged and protected from disclosure. CT Page 8711
The ninth redacted portions are from minutes dated July 6, 1987:
 Frank Showah reported on the easement case with Buddenhagen and presented a copy of Norman Victor's deposition to Paul Sobel for review and comment. It was learned that Cayer owned less that [sic] 10% at the time of the contract. Buddenhagen is counter-sueing the Association. Paul Sobel will review all information and report back to Board.
There is no confidential communication evident in the above paragraph, and may be discovered by the defendants.
The last two redacted portions came from minutes dated August 13, 1990 and September 10, 1990, respectively
These passages are so closely connected regarding subject matter that they may be considered together. There is sufficient involvement by counsel in advising the plaintiff in the September 10, 1990 passage on the subject matter of the August 13, 1990 passage, such that these passages are protected by the attorney-client privilege.
Accordingly, redacted portions in minutes dated June 16, 1986, September 17, 1986 (paragraph 6), September 24, 1986, May 11, 1987, August 13, 1990 and September 10, 1990, as well as the letter dated September 19, 1990, are protected by attorney-client privilege and shall not be discovered by the defendant.
Further, the redacted portions of the minutes dated June 26, 1986, September 11, 1986, September 17, 1986 (except paragraph 6), October 29, 1986, February 9, 1987, and July 6, 1987 are not protected by the attorney-client privilege and, therefore, these portions shall be provided to the defendant.
Clarance Jones, J.