The revised complaint in this action alleges that the defendant Woodfield acted as an attorney for the plaintiff and Donald J. Griggs in 1989 and 1990 in connection with the preparation of an agreement between the plaintiff and Griggs which pertained to the development of land in Essex, Connecticut, known as Brooks Woods. Under the terms of the agreement, which has been made a part of the complaint, the plaintiff and Griggs agreed to form a corporation known as Brooks Woods Development Corp. for the purpose or constructing houses on the Brooks Woods land, which was owned by Griggs. The agreement provided that the plaintiff would construct single family dwellings on Brooks Woods and the house and lot would then be sold by a "new corporation."
The complaint further alleges that the plaintiff thereafter constructed two dwellings on two lots owned by Griggs. A buyer was procured to purchase the lots and dwellings. The plaintiff then learned that Griggs had conveyed the lots to a corporation known as Duffy-Dayhill Corp., a corporation formed with the defendant's assistance, of which the defendant was an officer and/or director. The complaint alleges that the defendant conspired with Griggs to transfer the Brooks Woods lots to Duffy-Dayhill Corp. in order to avoid the plaintiff's claims as creditor, failed to disclose his conflict of interest in representing the plaintiff and Griggs and represented Griggs in the transfer of title to Brooks Woods, which was contrary to the terms of the agreement between the plaintiff and Griggs.
By notice of deposition duces tecum dated April 8, 1992 the plaintiff sought to compel the defendant to produce certain documents. The defendant objected to the production and the plaintiff moved to compel as to the following requests for production:
3. Any and all corporate records, incorporation papers, minutes of meetings on the corporation known as Brooks Woods, Inc.
4. Any and all corporate records, incorporation papers, minutes of meetings on the corporation known as Duffy-Dayhill, Inc.
5. Any and all correspondence, notes, memorandums to file on Donald J. Griggs purchase, ownership, conveyance or transfer of the property known as Brooks Woods, Essex, Connecticut.
The defendant claims that the requested documents are not discoverable CT Page 5485 because they are protected by the attorney-client privilege.
Connecticut has adopted the common law principle of attorney-client privilege which has not been altered by statute. Beal v. Washton, 39 Conn. Sup. 167, 472 A.2d 812 (1983). "`Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.'" Rienzo v. Santangelo,160 Conn. 391, 395, 279 A.2d 565 (1971); 8 Wigmore, Evidence (McNaughton Rev. 1961). 2292, p. 554.
The burden of proving facts essential to the privilege is on the person asserting it. State v. Hanna, 150 Conn. 457, 466,191 A.2d 124 (1963). The privilege is generally destroyed if the communication is divulged to, or overheard by a third party. Miller v. Anderson, 30 Conn. Sup. 501, 504, 294 A.2d 344 (1972).
Two recognized exceptions to the attorney-client privilege apply in this case. The first concerns representation of multiple clients and provides that in a suit between the client and the attorney, there is a waiver of the privilege, but only by the client asserting the ability, and only of communications relating to joint representation of the clients. Tunick v. Day, Berry Howard,40 Conn. Sup. 216, 220, 486 A.2d 1147 (1984); Glacier General Assurance Co. v. Superior Court, 95 Cal.App.3d 836,157 Cal.Rptr. 435 (1979); American Mutual Liability Ins. Co. v. Superior Court, 38 Cal.App.3d 579, 113 Cal.Rptr. 561 1974).
The defendant allegedly represented the plaintiff and Griggs in connection with the development and sale of the Brooks Woods property. Thus, all communications between the defendant and Griggs concerning that subject after the joint representation commenced are not protected by the attorney-client privilege. To the extent that Griggs was a principal in Brooks Woods, Inc. and Duffy-Dayhill, Inc. and those corporations were involved in the development or sale of the Brooks Woods property, after the joint representation of the plaintiff and Griggs, communications between those entities and the defendant are not protected by the attorney-client privilege. To hold otherwise would permit one client in a joint representation to evade the joint representation exception by forming separate entities which exclude the other joint client.
The second exception to the attorney-client privilege exists for any communication relevant to an issue of breach of duty by a lawyer to his client. Tunick v. Day, Berry Howard, 40 Conn. Sup. 216,220, 486 A.2d 1147 (1984). The plaintiff has alleged not only that the defendant represented Griggs in a manner CT Page 5486 adverse to the plaintiff's interests after he had also represented the plaintiff, but also that the defendant became a principal in Duffy-Dayhill Corp., which was allegedly formed for the purpose of avoiding payments due to the plaintiff. Such allegations encompass a breach of the duties recognized in Rules 1.7, 1.8 and 1.9 of the Rules of Professional Conduct.
Based on the foregoing, the objections to requests 3 and 4 are overruled. The objection to request number 5 is also overruled with respect to documents which were received by or produced by the defendant after the joint representation of the plaintiff and Griggs began.