[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff objects to the defendant's motion for a protective order to prevent the taking of the deposition of Thomas Hessman. The defendant seeks a protective order under the attorney-client privilege doctrine and the work product doctrine.
The plaintiff objects on the grounds that the attorney-client privilege does not apply to communications from the attorney to the client, but only to communications from the client to the attorney. The defendant claims that the information the plaintiff is seeking by deposing Mr. Hessman was obtained by him solely through communications with the corporation's counsel, Attorney Christopher Rooney, when he was acting in his role as chairman of the board, and therefore, the information is protected. Essentially then, the communications which Mr. Hessman claims are privileged, are communications made from the attorney to, in essence, the client, and not from the client to the attorney.
"At common law communications by a client to his attorney made in confidence by the client when seeking legal advice are privileged, unless this protection is waived by the client or his representative. Doyle v. Reeves, 112 Conn. 521, 523, 152 A. 882
(1931); Wigmore § 2292." C. Tait and J. LaPlante, Connecticut CT Page 2394 Evidence § 12.5.1. (2d. Ed. 1988) (See generally that section.). "The policy behind protecting attorney-client confidentiality is designed to encourage clients to make a full disclosure of facts to their counsel. Goddard v. Gardner,28 Conn. 172, 174 (1859). Clients will be encouraged to do so only if they alone remain the masters of those secrets that they share with their counsel." In Re Sean H., 24 Conn. App. 135, 143,586 A.2d 1171 (1991).
The common law rule and the policy behind it would seem to support the plaintiff's argument that only communications from a client to his or her attorney may be privileged, and not the reverse. The Connecticut Supreme Court recently stated, however, that, "[a] communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless itwere shown to be inextricably linked to the giving of legaladvice." (Emphasis added.) Ulmann v. State, 230 Conn. 698, 713, (1994). It seems logical that the communications from Attorney Rooney to Mr. Hessman regarding this case may have been made during the process of giving legal advice. The burden, however, is on the party claiming the privilege to establish that it applies; Tunick v. Day, Berry Howard, 40 Conn. Sup. 216,219, 486 A.2d 1147 (Pickett, J) (1984); as the defendant concedes in its memorandum of law in support of its motion. Whether the privilege applies is a question of law. Carrier Corporation v.The Home Insurance Company, 6 Conn. L.Rptr. 478, 479 (June 12, 1992) (Schaller, J.).
The issue therefore becomes whether the defendant has sufficiently established, as a matter of law, that the information divulged to Mr. Hessman by Attorney Rooney occurred during the giving of legal advice. There is no assertion in the defendant's motion for protective order, the defendant's memorandum of law in support of the motion, or in Mr. Hessman's affidavit that the communications were made to Mr. Hessman in the process of giving legal advice. All of the references to the communications are in the context of "conversations" and "discussions" between Attorney Rooney and Mr. Hessman. "Conversations" and "discussions" between counsel and clients, as a matter of law, are not always conducted in the context of giving legal advice. See Ullman v. State, supra, 230 Conn. 713;Turner's Appeal, 72 Conn. 305, 318, 44 A. 310 (1899).
"[W]e note that the attorney-client privilege is strictly construed because it `tends to prevent a full disclosure of the CT Page 2395 truth in court . . . .' C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 12.5.1; Turner's Appeal, 72 Conn. 305,318, 44 A. 310 (1899)." Ullman v. State, supra, 230 Conn. 710. In view of the strict construction of the privilege, the defendant has not satisfied its burden that the privilege applies in this case, and the plaintiff's objection should be sustained as to protection under the attorney-client privilege.
The defendant further argues that even if the attorney-client privilege does not apply here, the communications should be considered "work product", and therefore are not discoverable in any event. "The work product rule protects an attorney's `interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless other tangible and intangible items.' Barksdale v. Harris, 30 Conn. App. 754,760, 622 A.2d 597, cert. denied, 225 Conn. 927, 625 A.2d 825
(1993). `Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation.'" Ullman v.State, supra, 230 Conn. 714-15.
The defendant cites Cokely v. Lehn Fink Products, Inc.,2 CSCR 929 (August 10, 1987) (Dorsey, J.) as authority. Cokely
concerned communications between counsel and an expert witness. The court, Dorsey, J. ruled that the oral communications were not privileged under work product, but that the notes prepared by the attorney and shared with the expert were protected. Id. In this case too, the oral communications between Attorney Rooney and Mr. Hessman should not be considered as privileged under the work product doctrine. The notes written by Attorney Rooney and sent to Mr. Hessman, on the other hand, constitute work product. In his affidavit, Mr. Hessman refers to the notes as "reports of the status of the case." These reports appear to have been prepared "with a view toward pending or anticipated litigation.'"; Ullmanv. State, supra, 230 Conn. 714-15; and therefore are protected under the work product doctrine.
Accordingly, this court finds that the attorney-client privilege does not apply in this case for the reasons stated hereinbefore. However, the work product doctrine does apply to the written communications sent to Mr. Hessman from Attorney Rooney, but does not apply to oral communications. Therefore, the motion for protective order is denied. The only questions that Mr. Hessman is not required to answer at the deposition are those regarding information acquired solely as a result of the written CT Page 2396 communications sent to Mr. Hessman by Attorney Rooney.