[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Zaky Rehim and Gale Rehim (Rehim), commenced this action against the defendants, Kimberly-Clark Corp. CT Page 7535 (Kimberly-Clark); Attorney Philip Spillane (Spillane); and the law firm of Baker, Moots Pellegrini, P.C. law firm), by complaint dated March 7, 1996. Rehim alleges ten counts against the defendants sounding in malicious prosecution, vexatious suit, abuse of process, intentional infliction of emotional distress, false imprisonment and libel.
Rehim's claims arise out of a contested workers' compensation claim that Rehim filed against defendant, Kimberly-Clark, as the result of a work related head injury Rehim suffered in June, 1993, while an employee of Kimberly-Clark. Rehim alleges that in December, 1994, Kimberly-Clark and Spillane, acting as counsel for Kimberly-Clark, made a false complaint to the Chief State's Attorney's office alleging that Rehim committed fraud and perjury in connection with the workers' compensation claim. Rehim alleges further that the defendants provided the State's Attorney with false information that led to a criminal investigation of Rehim, and his arrest and subsequent trial on criminal charges. The criminal proceedings were eventually dismissed midway through trial. Rehim alleges finally that at all relevant times, Spillane was acting as the agent, servant or employee of the law firm, and was an officer, director and stockholder thereof.
The present action has progressed to the discovery stage. In May, 1996, the plaintiffs noticed the deposition of defendant Spillane, and simultaneously filed a request for Spillane to produce certain documents at the deposition. Spillane objected to request number one seeking "[a]ny and all bills generated by Baker, Moots Pellegrini, P.C. for services provided to or at the request of Kimberly-Clark Corp. for the years 1990 through the present" on the ground that the request is "[o]verly broad and burdensome, irrelevant and seeks confidential and privileged information." In response to Spillane's objection, Rehim filed the present motion for an order to produce the requested documents.[1]
In his opposition to Rehim's request for the bills, Spillane argues that: (1) the production of any information from Baker's client file would violate the defendants' obligations of confidentiality as set forth in Rule 1.6 of the Rules of Professional Conduct; (2) the bills constitute privileged communications under the attorney-client privilege; and (3) the requested billing information is irrelevant. Spillane contends finally that production of the bills would be burdensome under the circumstances because some of the records were lost, while CT Page 7536 others became waterlogged and disorganized when the basement of the building in which the records are kept was flooded in November, 1995, as the result of efforts to contain a fire in the adjacent building.
In support of his request for production of the bills, Rehim argues that client bills are not privileged or confidential, relying on In re Two Grand Jury Subpoenae Duces Tecum, 793 F.2d 69
(2d Cir. 1986). Rehim asserts further that the bills are relevant to establish the relationship between Kimberly-Clark and the law firm, and both parties' involvement in the criminal prosecution.
"The granting or denial of a discovery request rests in the sound discretion of the court. . . . That discretion is limited, however, by the provisions of the rules pertaining to discovery. . . ." (Citations omitted.) Standard TallowCorporation v. Jowdy, 190 Conn. 48, 57-58, 459 A.2d 503 (1983). "Communications protected by the attorney-client privilege are not discoverable. Practice Book § 219." Tunick v. Day, Berry Howard, 40 Conn. Sup. 216, 218, 486 A.2d 1147 (1984).
"The burden of proving facts essential to the privilege is on the person asserting it." Tunick v. Day. Berry Howard, supra, 40 Conn. Sup. 219, citing State v. Hanna, 150 Conn. 457, 466,191 A.2d 124 (1963). "This burden includes, of course, the burden of proving the essential element that the communication was confidential." Miller v. Anderson, 30 Conn. Sup. 501, 505,294 A.2d 344 (1972), citing State v. Hanna, supra. The question of whether a communication is privileged is a question of law for the court to decide. Miller v. Anderson, supra, 505; CarrierCorp. v. Home Insurance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 352383 (June 12, 1992, Schaller, J., 7 CSCR 823).
In the present case, the defendants have failed to prove that the requested records contain confidential information bringing the records within the protection of Rule 1.6 of the Rules of Professional Conduct, or to prove facts essential to the attorney-client privilege. First, Rule 1.6 does not apply to Spillane's claim of confidentiality in the context of this civil litigation.[2] "The principle of confidentiality is given effect in two related bodies of law, the attorney-client privilege . . . and the rule of confidentiality established in professional ethics. The attorney-client privilege applies in CT Page 7537 judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies insituations other than those where evidence is sought from thelawyer through compulsion of law." (Emphasis added.) Rules of Professional Conduct 1.6, Comment. Because the present request involves production of documents in the context of a judicial proceeding "in which a lawyer may be . . . required to produce evidence concerning a client," the client-lawyer confidentiality rule contained in Rule 1.6 does not apply, and the matter is governed instead by the application of the attorney-client privilege.
Second, Spillane has failed to prove facts essential to the attorney-client privilege, namely, that the bills constitute confidential communications. "Connecticut has adopted the common law principle of attorney-client privilege which has not been altered by statute. . . . `Where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.'" Tunick v. Day, Berry Howard, supra, 40 Conn. Sup. 218, quoting Rienzo v. Santangelo, 160 Conn. 391, 395,279 A.2d 565 (1971).
Client bills do not constitute "communications . . . made . . . by the client" as required by the attorney-client privilege standard laid out in Rienzo. Further, client bills are not confidential communications. "[A]bsent special circumstances, client identity and fee information are not privileged." (Internal quotation marks omitted.) In re Two Grand JurySubpoenae Duces Tecum, 793 F.2d 69, 71-72 (2d Cir. 1986) (holding that records relating to law firm's fee arrangements with, and disbursements on behalf of, their clients were not protected by the attorney-client privilege). Special circumstances precluding disclosure exist where "disclosure of such information would amount to the prejudicial disclosure of a confidential communication." (Internal quotation marks omitted.) Id., 71. Spillane fails to make any allegation of the existence of such circumstances. Furthermore, "[f]ar from containing confidential communications, the subpoenaed documents here merely catalogue financial information often disclosed in pleadings, bills of particulars, discovery, trials and appeals." Id. CT Page 7538
Third, Rehim has demonstrated that the requested bills are sufficiently relevant to warrant production. Practice Book § 218 provides, in pertinent part, that "a party may obtain . . . discovery of information or disclosure, production and inspection of . . . documents material to the subject matter involved in the pending action, which are not privileged . . . and are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure." Practice Book § 218.
At oral argument Rehim's counsel stated that he needs the bills to demonstrate the relationship between Spillane, the law firm and Kimberly-Clark "to see, amongst other things, whether [Spillane] was billing for contacting the Chief State's . . . Attorney, [and] whether he was billing for showing up at all the court proceedings and criminal matter[s]. . . ." (Transcript, p. 4.) These bills may demonstrate the extent of Spillane's and the law firm's activity regarding the criminal action and are therefore relevant to Rehim's malicious prosecution, abuse of process and false imprisonment claims. As conceded by counsel, Rehim needs only to obtain the bills relating to the law firm's performance of work for Kimberly-Clark regarding matters involving Rehim, and does not need bills in any other cases. (Transcript p. 12.)
Finally, in this day of sophisticated client billing procedures and record-keeping mechanisms, complying with Rehim's request for billing information regarding work performed by Spillane and the law firm for Kimberly-Clark regarding matters involving Rehim, would not be overly burdensome.
For the foregoing reasons, the court grants Rehim's motion for order and directs Spillane to produce all bills for work performed by the law firm for Kimberly-Clark relating to matters involving Rehim.
Leheny, J.