[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISQUALIFY #145
The plaintiff, David Deleo, has filed an action sounding in malpractice and negligence against the defendant. Dr. Robert S. Kruger. The plaintiff seeks damages from the defendant for the alleged improper evaluation and treatment of his daughter. The plaintiff alleges that, during certain matrimonial proceedings against his wife, the defendant wrongly determined that the plaintiff had abused his daughter.
The defendant is represented by the law firm of Bai, Pollock Coyne. Bai, Pollock Coyne also represents Attorney Edward Nusbaum in a separate legal malpractice action brought by the plaintiff. The plaintiffs action against Nusbaum arises from the same general facts as the present action.
The plaintiff has filed a motion to disqualify the defendant's counsel on the ground that "its dual representation of [the defendant] and [Nusbaum] . . . constitutes a conflict of interest under the Rules of Professional Conduct." Specifically, the plaintiff argues that Nusbaum obtained privileged information from the plaintiff during the course of their attorney-client relationship. this information, according to the plaintiff, is likely to be divulged by Nusbaum to the defendant's counsel. The plaintiff argues that "the improper use of this information to aid in the defense of Kruger . . . is inevitable, especially CT Page 2357 given the nexus of related events . . . which form the factual basis for [the] plaintiffs actions against both Nusbaum and Kruger."
The first issue is whether the plaintiff has standing to file a motion to disqualify the defendant's counsel on the ground that the defendant's counsel also represents the plaintiff's former attorney in a legal malpractice action brought by the plaintiff.
This court is unable to find precedent that directly addresses this issue. Several courts, however, have denied motions based on the questionable standing of the party bringing the motion. In Kocsis v. Gerencser, Superior Court, judicial district of New Haven at New Haven, Docket No. 0375378 (Jan. 3, 1997, Corradino, J.), the plaintiff filed an action against her father and her father's insurance company for injuries arising from an automobile accident. Id. The same attorney represented both parties. Id. The plaintiff filed a motion to disqualify the defendants' counsel arguing that "the [defense] firm [had] been privy to confidential information from both defendants, [the father] and [the insurance company]." Id.
The plaintiff further argued that the Rules of Professional Conduct § 1.6 requires disqualification in such a situation.Id. The court denied the motion asking, among other things: "how does the plaintiff have standing to move to disqualify the lawyer representing a defendant against which she has brought suit?" Id.
Additionally, in Harvey v. Harvey, Superior Court, judicial district of Litchfield, Docket No. 069308 (Nov. 13, 1996, Dranginis, J.), the court, without factual explanation, stated: "The motion to disqualify the attorney for the plaintiff is denied on the basis that the defendant has no standing to assert such a claim."
In the present case, the plaintiff is asking the court to disqualify an attorney with which he had no previous relationship. The plaintiff fails to cite to, and the court is unable to find, authority which indicates that the plaintiff has the requisite standing to make such a claim.
"The party moving for disqualification bears the burden of proving facts which indicate that disqualification is necessary . . . . The disqualification of a party's chosen counsel is a harsh sanction, and an extraordinary remedy which should be resorted to sparingly." (Citation omitted; internal CT Page 2358 quotation marks omitted.) Temkin v Temkin, Superior Court, judicial district of Litchfield, Docket No. 057629 10 CONN. L. RPTR. 127 (Sep. 28, 1993, Pickett, J.). "In determining whether to grant a motion to disqualify, a factual analysis must be conducted and unethical behavior should not be presumed by the court." Moss v. Coughlin., Superior Court, judicial district of Danbury, Docket No. 317082, 13 CONN L. RPTR. 632 (Apr. 4, 1995, Stodolink, J.).
The attorney-client privilege "does not apply when client and attorney are involved in a controversy between themselves." C. Tait J. LaPlante, Handbook of Connecticut Evidence (1988), § 12.5.7, p. 448. See also Tunick v. DayBerry Howard, 40 Conn. Sup. 216, 220, 486 A.2d 1147 (1984). Here, Nusbaum is free to disclose, to the defendant's counsel, otherwise privileged communications made by the plaintiff. The court will not, in turn, automatically assume that the defendant's counsel is improperly using information obtained from Nusbaum to defend this action. The defendant's counsel is well aware of its obligation of confidentiality as between itself and Nusbaum. There is no reason to assume otherwise.
"The competing interests at stake in the motion to disqualify . . . are: (1) the [plaintiff's] interest in protecting confidential information; (2) the [defendant's] interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice."Bergeron v. Mackler, 225 Conn. 391, 397-98,623 A.2d 489 (1993).
The court, after weighing the above interests, can find no reason to disqualify the defendant's counsel from representing its client. The court notes, however, that counsel should examine any potential future difficulties it may have representing both clients and inform its clients as such. The motion to disqualify is denied.
MINTZ, J.