John M. WALSH, Josephine P. Walsh,
Construction Services of Bristol,
Inc., Plaintiffs,

v.

SEABOARD SURETY COMPANY,
Defendant.

No. Civ.A.3:96–CV1138JCH.

United States District Court,
D. Connecticut.

Feb. 1, 1999.

Andrew B. Bowman, Law Offices Of Andrew Bowman, Westport, CT, for plaintiffs.

Steven B. Kaplan, Michael C. Ryan, John P. Kane, Joseph B. Mathieu, Michelson, Kane, Royster & Barger, P.C., Hartford, CT, for defendant.

RULING ON DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH DISCLOSURE AND DISCOVERY REQUESTS AND ON DEFENDANT'S SUPPLEMENTAL MOTION TO COMPEL PRODUCTION [DKT. # s 39,47]

HALL, District Judge.

In two separate motions, Seaboard Surety Company ("Seaboard"), seeks orders compelling plaintiffs to produce documents in response to its discovery requests. For the following reasons, both motions are granted.

## I. BACKGROUND

On September 11, 1998, Seaboard filed a motion to compel the production of a number of documents from the files of Attorney Raymond Garcia.[1] Attorney Garcia represented Construction Services of Bristol, Inc. ("CSB") in an arbitration proceeding regarding "The Forge," the same construction project that has given rise to the instant litigation. *See* Motion to Compel Plaintiffs to Comply with Disclosure and Discovery Requests ("Motion to Compel") [Dkt. # 39]. In response to Seaboard's motion, plaintiffs asserted claims of attorney-client privilege and work-product doctrine. Plaintiffs' Objection to Defendant's Motion to Compel [Dkt. # 42]. Plaintiffs subsequently produced to the court for *in camera* inspection all of the documents that it had placed on its Privilege Log, and provided Seaboard access to balance of the requested documents. On October 29, 1998, Seaboard's counsel reviewed thousands of pages of documents from Garcia's files and identified certain documents that it wished to have copied by Garcia's copying service. On November 9, 1998, plaintiffs' counsel directed

Garcia's office not to release the copied documents to Seaboard because he first wanted to inspect them to make sure that they did not contain any additional protected materials. Plaintiffs' counsel subsequently took possession of the copies and removed a number of the documents under the claim of attorney-client privilege and work-product doctrine. The documents that were removed now appear on plaintiffs' Supplemental Privilege Log and are the subject of Seaboard's Supplemental Motion to Compel Production ("Supplemental Motion to Compel") [Dkt. # 45]. As with the first set of documents, these documents were provided to the court for *in camera* inspection.

## II. DISCUSSION

After a thorough review, this court finds that all of the documents in both the Privilege Log and the Supplemental Privilege Log are covered by either the attorney-client privilege or the work-product doctrine. However, because plaintiffs have put the nature of Garcia's relationship with Seaboard "at issue" in this litigation, the protection ordinarily afforded by such status has been waived for all of the documents.[2]

### A. Attorney-client privilege

Seaboard argues first that the documents in question are not protected by attorney-client privilege. Under Connecticut law,[3] the following test is used to evaluate a party's claims of privilege: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or

1. As filed, the motion also sought production of a number of other items. Seaboard has since voluntarily withdrawn the bulk of those requests. The only part of the motion still pending seeks production of the documents that have been withheld by plaintiffs on the basis of attorney-client privilege and work-product doctrine.

2. Seaboard has also raised a number of alternative waiver arguments in its briefs. Because this court has concluded that protection for all of the documents has been waived under the "at issue" exception to the attorney-client privilege and the

work-product doctrine, it need not address the other waiver arguments.

3. "[A] federal court sitting in diversity must apply state law to privilege issues but federal law to those involving work product." *EDO Corp. v. Newark Ins. Co.*, 145 F.R.D. 18, 21 (D.Conn. 1992). In this case, plaintiffs have sued in diversity and have not alleged any federal causes of action. Therefore, Connecticut law applies to plaintiffs' claims of attorney-client privilege, whereas federal law applies to their claims of protection under the work-product doctrine.

by the legal advisor, (8) except the protection be waived." *EDO Corp. v. Newark Ins. Co.,* 145 F.R.D. 18, 21 (D.Conn.1992) (quoting *Rienzo v. Santangelo,* 160 Conn. 391, 395, 279 A.2d 565 (1971)). Having reviewed each of the documents at issue, this court concludes that this standard has been met by the majority of the documents for which the attorney-client privilege was asserted. The balance of the documents for which the privilege was asserted are not protected by the privilege, but are instead protected by the work-product doctrine.[4]

■ Plaintiffs have waived that privilege, however, by making assertions that have put the communications "at issue" in the case. It should be noted that no Connecticut appellate court has addressed the "at issue" exception to the attorney-client privilege. *See Carrier Corp. v. Home Ins. Co.,* 1992 WL 139778 (Conn.Super.Ct. June 12, 1992), at *7 (noting absence of controlling authority). This court, however, believes that the Connecticut Supreme Court would be likely to adopt the formulation of the exception contained in the oft-cited case of *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D.Wash.1975): "The factors [constituting the] exception may be summarized as follows: (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. Thus, where these three conditions exist, a court should find that the party asserting a privilege has impliedly waived it through his own affirmative conduct." *Id.,* see also *Bowne v. AmBase Corp.,* 150 F.R.D. 465, 488–89 (S.D.N.Y.1993) (quoting *Hearn* ). *But see Remington Arms Co. v. Liberty Mut. Ins. Co.,* 142 F.R.D. 408, 415 (D.Del.1992) (predicting that Connecticut Supreme Court

would reject broad reading of "at issue" exception). Under this standard, "even if a party does not attempt to make use of a privileged communication, he may waive the privilege if he asserts a factual claim the truth of which can only be assessed by examination of a privileged communication." *Bowne,* 150 F.R.D. at 488.

■ Here, Seaboard has listed a number of allegations in plaintiffs' complaint that it believes place the contents of the otherwise privileged documents "at issue" in this litigation. This court finds that two of these allegations, namely that Seaboard "manipulated and controlled" Attorney Garcia in his handling of the Forge arbitration and "imposed coercive economic pressure" on him, have injected the issue of Attorney Garcia's prior representation of CSB into this litigation. These two allegations directly concern the entire scope of Attorney Garcia's representation of CSB. In order to defend against such allegations, Seaboard is entitled to discover any documents relating in any way to Attorney Garcia's representation. The court's review of the documents has revealed that they all concern Attorney Garcia's handling of matters concerning the Forge arbitration. Accordingly, plaintiffs must produce all of the documents.

**B. Work product doctrine**

In order to assert a claim of protection under the work-product doctrine, the party asserting the claim bears the burden of establishing that the document sought was prepared in anticipation of litigation by or for a party to the action or by or for his representative. Fed.R.Civ.P. 26(b)(3); *see In re Grand Jury Subpoenas,* 959 F.2d 1158, 1166 (2d Cir.1992). If the party meets that burden, then the document will be protected from discovery unless the party seeking discovery can show "substantial need of the materials in the preparation of [its] case and that [it] is unable without undue hardship to

---

4. In this case, it does not particularly matter whether a document is protected as an attorney-client communication or as work product. Either way, plaintiffs need not disclose the document unless the privilege has been waived. This court believes that the contours of the "at issue" exception under Connecticut and federal law are

similar enough not to make a difference in this case. Given this court's conclusion that all of the documents are discoverable under the "at issue" exception, the distinction as to whether any particular document protected by the attorney-client privilege or by the work-product doctrine is meaningless.

obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).

 Plaintiffs have asserted that a number of the documents sought by Seaboard are protected by work product doctrine. Seaboard responds that the doctrine does not apply because the work product in question was created in anticipation of an earlier, rather than the current, litigation. This argument is without merit. Rule 26(b)(3) "protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *FTC v. Grolier, Inc.*, 462 U.S. 19, 25, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983). Because all of the documents claimed to be work product were prepared for an arbitration proceeding on behalf of CSB, they are covered by the doctrine.

 Seaboard is correct, however, that the "at issue" exception to attorney-client privilege serves equally as an exception to the work product doctrine. *See United States v. Ernstoff*, 183 F.R.D. 148, 154 n. 5 (D.N.J. 1998); *Vermont Gas Sys., Inc. v. United States Fidelity & Guar. Co.*, 151 F.R.D. 268, 276 (D.Vt.1993); *Bowne*, 150 F.R.D. at 477–79. Although the precise contours of the exception have not yet been defined by the Second Circuit, this court thinks that the formulation of the exception under Connecticut law outlined above also accurately reflects the exception as defined under federal law. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991) (citing *Hearn* as support for proposition that "the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."). Therefore, the above analysis regarding the documents covered by attorney-client privilege applies equally to the documents covered by the work-product doctrine. By placing Attorney Garcia's handling of the Forge arbitration "at issue" in this litigation, plaintiffs have waived the protection otherwise afforded by the work-product doctrine.

### III. CONCLUSION

Defendant's Motion to Compel and Supplemental Motion to Compel are both GRANT-ED insofar as they seek production of documents withheld by plaintiffs under claims of attorney-client privilege and work-product doctrine. Plaintiffs are hereby ORDERED to produce all documents contained in both the Privilege Log and the Supplemental Privilege Log. Defendant's request for costs is DENIED.

**SO ORDERED.**