[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON SUBPOENA DUCES TECUM and NOTICE OF DEPOSITION
The following motions were argued before the undersigned on December 16, 2002. This is a decision on all of these motions.
127.00 Defendants' Motion For Protective Order that Plaintiffs' Subpoena Directed at Their Law Firms Not Be Had dated October 21, 2002.
128.00 Tyler Cooper Alcorn, LLP's Objection To Plaintiffs' Subpoena dated October 21, 2002.
129.00 Tyler Cooper Alcorn, LLP's Motion To Quash Subpoena dated October 22, 2002.
136.00 Defendants' Motion for Protective Order that Plaintiffs' Subpoena Directed at Singewald Valkenburgh Not Be Had dated October 28, 2002
137.00 Singewald Valkenburgh's Motion to Quash Subpoena dated October 28, 2002.
138.00 Singewald Valkenburgh's Objection To The Plaintiffs' Subpoena dated October 28, 2002.
 Plaintiffs' Objection to Defendants' Motion to Quash, Motion For Protective Order and Objections, dated November 22, 2002.
 Defendants' Reply Brief Re: Tyler Cooper Alcorn Subpoena dated November 29, 2002.
Plaintiffs' Response to Defendants' Reply Brief Re: Tyler Cooper 
Alcorn, LLP Subpoena dated December 13, 2002. CT Page 16517
Plaintiffs' Objection to Singewald Valkenburgh's Motion To Quash,
Motion For Protective Order and Objection dated November 22, 2002
 Defendants' Reply Brief Re: Singewald Valkenburgh Subpoena dated November 29, 2002.
 Plaintiffs' Response to Defendants' Reply Brief Re: Singewald 
Valkenburgh Subpoena dated December 13, 2002.
I. Production Request 1: "All documents provided to You by Mark Shelton, Gail Hiestand or MGMC that were prepared, produced or generated by McLagan. "Objection sustained and Motions to Quash and Protective Order granted. The request seeks information subject to the attorney-client privilege. Rienzo v. Santangelo, 160 Conn. 391, 395
(1971). The documents requested have already been produced to the plaintiffs by the defendants and thus this production request is irrelevant. The request is not subject to the "at issue" exception to the attorney-client privilege. Metropolitan Life Insurance Company v. AetnaCasualty and Surety Company. et al., 249 Conn. 36, 51-57, 53 fn 17, (1999). The request is not subject to the "common interest" exception to the attorney-client privilege. Metropolitan Life Insurance Company v.Aetna Casualty and Surety Company. et al., 249 Conn. 36, 60-62 (1999). The request is not subject to the "waiver" exception to the attorney-client privilege. Metropolitan Life Insurance Company v. AetnaCasualty and Surety Company, et al. 249 Conn. 36, 62-63 (1999). The request seeks information in violation of the work product rule since the attorneys' work formed an essential step in the procurement of the information and the attorneys performed duties in relation to that information normally offered to by attorneys. Stanley Works v. NewBritain Development Agency, 155 Conn. 86, 95 (1967) Singewald and Valkenburgh and Tyler Cooper and Alcorn, LLP shall produce and return to the plaintiffs all marketing materials and, if necessary, a privilege log relating to said marketing materials. The plaintiffs, upon receipt of the marketing materials and/or privilege log, shall be entitled to file a Motion to Compel seeking an in camera review of the marketing materials.
Objection sustained and Motions to Quash and Protective Order granted.
The request seeks information subject to the attorney-client privilege. Rienzo v. Santangelo, 160 Conn. 391, 395 (1971).
The documents requested have already been produced to the plaintiffs by the defendants and thus this production request is irrelevant. CT Page 16518
The request is not subject to the "at issue" exception to the attorney-client privilege. Metropolitan Life Insurance Company v. AetnaCasualty and Surety Company. et al., 249 Conn. 36, 51-57, 53 fn 17, (1999).
The request is not subject to the "common interest" exception to the attorney-client privilege. Metropolitan Life Insurance Company v. AetnaCasualty and Surety Company. et al., 249 Conn. 36, 60-62 (1999).
The request is not subject to the "waiver" exception to the attorney-client privilege. Metropolitan Life Insurance Company v. AetnaCasualty and Surety Company, et al. 249 Conn. 36, 62-63 (1999).
The request seeks information in violation of the work product rule since the attorneys' work formed an essential step in the procurement of the information and the attorneys performed duties in relation to that information normally offered to by attorneys. Stanley Works v. NewBritain Development Agency, 155 Conn. 86, 95 (1967).
Singewald and Valkenburgh and Tyler Cooper and Alcorn, LLP shall produce and return to the plaintiffs all marketing materials and, if necessary, a privilege log relating to said marketing materials. The plaintiffs, upon receipt of the marketing materials and/or privilege log, shall be entitled to file a Motion to Compel seeking an in camera review of the marketing materials.
II. Production Request 2. "All documents provided to You by Mark Shelton, Gail Hiestand or MGMC concerning McLagan."
Objection sustained and Motions to Quash and Protective Order granted.
See Production Request 1 for reasons.
III. Production Request 3: "All billing statements, time sheets, hourly records or any other documents concerning all meetings, telephone calls or other communications between You and Mark Shelton, Gail Hiestand or MGMC during the period April, 2001 through February 25, 2002.
Objection sustained and Motions to Quash and Protective Order granted. See Production Request 1 for reasons.
The court orders the disclosure of the date, place, time and length of each meeting between Mark Shelton, Gail Hiestand or MGMC and attorneys Singewald and Valkenburgh and Tyler Cooper and Alcorn, LLP including the names and addresses of those in attendance at those meetings. Ullman v.CT Page 16519State, 230 Conn. 698, 712-13 (1994).
IV. Production Request 4. "All documents concerning the amount of legal fees incurred through You by Mark Shelton, Gail Hiestand and MGMC during the period April 1, 2001 through February 25, 2002.
Objection sustained and Motions to Quash and Protective Order granted. See Production Request 1 for reasons.
BY THE COURT ___________________ KEVIN TIERNEY, J. CT Page 16520