[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE OPERATION FOR PROTECTIVE ORDER
On January 10, 1994 the plaintiff brought this suit against defendants for breach of contract and intentional infliction of emotional distress all rising out of a long partnership association. The complaint is long, historical and detailed. Defendants seek a protective order to seal "the complaint filed by plaintiff and any other documents, exhibits and pleadings filed by a party, which disclose any aspects of the partnership relationship between the parties . . ."
On January 24, 1994 the court ordered the file sealed CT Page 1622 until the court could read the memoranda and the complaint and arrive at a considered decision.
Defendants' argument expresses concern in regard to the revelation of facts in the following areas:
(1) Matters covered by the attorney-client privilege;
 (2) Facts which may appear in the future in pleadings or in some part of the court file;
 (3) Proprietary and confidential information about the partnership.
The defendant has not requested a revision under practice book 147.
At this time there is no item in the court file the disclosure of which would by itself, violate any attorney-client privilege.
At this time, of course, there are no facts in the file which may appear in the future.
Thus the only immediate issue raised is whether the disclosure of the claimed "proprietary and confidential" information in the complaint should be protected.
The court has read every paragraph of each count of the complaint and would expect that evidence may be introduced in regard to every paragraph in a possible trial of this matter. The only paragraphs which the court considered of possible relevance to this inquiry are 15, 22, 23, 25 and 37 in First Count and 36 of Second Count.
Paragraph 15 speaks of the firm's gross income over a twenty-year period. This is the kind of material that is seen in the Connecticut Law Tribune occasionally and not some confidential matter. More important it will probably come out on trial and may be relevant to plaintiffs' claims.
Paragraphs 22, 23 and 25 deal with an attorney who is no longer with the firm and the court can see no relevancy to these allegations although a generic use of "grandfathered partner" might be of some use in argument. CT Page 1623
Paragraph 37 speaks of internal financing efforts of the firm but would appear to have a possible effect on the interests and motives of the parties. The same is true of paragraph 36 of the Second Count.
Even in civil cases the public has a right to view court documents and court proceedings. U.S. Const. Amend. I.; Publicker Industries, Inc. v. Cohen, (1984, 3rd CCA)733 F.2d 1059, 1067-1070.
We see no allegation in the complaint of something which is being used by plaintiff for his personal benefit. Latta v. Kilbourn, 150 U.S. 524, 549-550.
We see no exposure of any material which might be considered useful to defendants in pursuit of their business; nothing analogous to a trade secret.
The court treats a protective order in the same way as it treats an injunction as to the requirement that the decision is to be based on the facts presently known to the court. Thus any facts or allegations which might appear in future pleadings, evidence or arguments may not be considered as to a present stay.
The court makes no decision in regard to C.G.S. 31-128a
et seq as facts to support claims thereunder are not before the court.
The court expects that all attorneys will scrupulously follow the dictates of our practice book and our common law in regard to the attorney-client privilege.
The application is denied.
N. O'Neill, J.