[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: JOINT MOTION FOR PROTECTIVE ORDER AND ORDER TO SEAL FILE AND MOTION FOR PROTECTIVE ORDER
Before the Court is a Joint Motion for Protective Order and Order to Seal File and contested Motion for Protective Order. They raise issues whether the court should grant the parties' joint motion for protective order and order to seal the file under Practice Book § 211B because it CT Page 13120 "is necessary to preserve an interest which is determined to override the public's interest" in the material, and whether the court should grant the defendant's motion for protective order in connection with the deposition of Janet V. Sia on the basis that the plaintiff seeks client records that are privileged.
Because of the strong presumption in favor of public access to court records, as recognized by Practice Book § 211B(a), and because sealing of the file has not been shown to be necessary to preserve an interest of the parties which overrides the public's interest in access to the information contained, the joint motion for protective order and order to seal file is denied.
Further, the defendant's motion for protective order regarding client records sought by the plaintiff through the deposition of Ms. Sia is denied as such records are not privileged, except as to telephone message books which probably contain privileged client information.
The plaintiff, John A. Sabanosh, filed a four-count third amended complaint on January 14, 1997 against the defendant law firm Durant, Nichols, Houston, Mitchell Sheahan, P.C. In it, the plaintiff claimed that he was an attorney in, and 17.16% shareholder of the stock of, the professional corporation of Durant, Sabanosh, Nichols Houston, P.C., and that on June 6, 1994, he resigned from Durant, Sabanosh, Nichols Houston, P.C. to move onto other endeavors. The plaintiff alleged that he requested his shares in the corporation be liquidated and paid to him, but no such payment had been made. In addition, the plaintiff alleged that despite his resignation from the firm, Durant, Sabanosh, Nichols Houston, P.C. continued to list his name on the firm stationery, kept his name on the wall by the entrance to its offices, and kept his name on the directory in the building where the offices are located. On or about October 1, 1994, however, when the plaintiff became a principal in the law firm of Rome McGuigan Sabanosh, P.C. and began to occupy offices in the same building as the defendant, the defendant removed the plaintiff's name from the building directory.
In count two of his third amended complaint, the plaintiff sought an accounting of the assets of Durant, Sabanosh, Nichols Houston, P.C. and in count one sought a distribution of such assets owed to him. In count three, the plaintiff alleged unauthorized use of his reputation and goodwill, and in count four, the plaintiff alleged a violation of the Connecticut Unfair Trade Practices Act, General statutes §§ 42-110a et seq.
On April 23, 1997, this court, [Flynn, J.,] issued a memorandum, of CT Page 13121 decision granting the defendant's motion to strike counts one, and two of the plaintiff's third amended complaint, but denying the motion as to the fourth count.
Prior to the issuance of the court's memorandum of decision, on March 19, 1997, the plaintiff submitted his "First Set of Interrogatories and Requests for Production" (originally dated October 11, 1996), seeking a broad range of financial information from the defendant in the form of tax returns of the professional corporation and its individual shareholders, tax returns of the pre-incorporation partnership and its individual principals, and various financial statements, financial documents and work papers. Along with the interrogatories and requests for production, the plaintiff submitted to the court the defendant's objections to discovery (originally dated December 11, 1996), which asserted, inter alia, that individual tax returns were irrelevant to the proceedings, and that work papers and documents dealing with "bad debt write-offs," annual billing summaries and accounts payable were confidential, privileged information regarding clients of the firm, and thus not discoverable.
On May 8, 1997, the plaintiff filed a two-count fourth amended complaint, eliminating the original counts one and two, and retaining the original counts three and four. Thus, in count one of his fourth amended complaint, the plaintiff alleges unauthorized use of his reputation and goodwill, and in count two, the plaintiff alleges a violation of the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110a et seq., on the basis that the defendant engaged in a misrepresentation of fact by stating or implying that it practiced law in association with the plaintiff.
The Court will first address the joint motion for protective order and order to seal the file.
"`[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'"DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 826 (2d cir. 1997), quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978). "`The adjudicative process . . . is a function of the law which is derived from the community's delegation to the courts and to the legislature of the power to establish and enforce the substance of the law. That process is a matter of public concern as the enforcement of the law, has a broader impact than just the decision in the dispute of the particular parties. So also the community has a real concern as to the process by which the law is justly enforced. The public's concern is accommodated by the openness of the court's record.'" In the Matter of Reisman, Superior Court, judicial CT Page 13122 district of Hartford-New Britain at West Hartford (December 19, 1995, Berman, J.), quoting City of Hartford v. Chase, 733 F. Sup. 533, 535
(D. Conn. 1990). "[T]he essential question [is] whether the parties requesting confidentiality [have] shown interests that outweigh the presumed right of public access and the public's interest in an open process." Id., citing City of Hartford v. Chase, supra,733 F. Sup. 536. In criminal and civil cases, "the public has a right to view court documents and court proceedings." Randall v. Halloran Sage, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 2/28/94 (February 15, 1994, O'Neill, J.) (11 CONN. L. RPTR. 85, 9 CSCR 382), citing U.S. Const., amend. I; Publicker Industries, Inc, v. Cohen, 733 F.2d 1059,1067-70 (3d Cir. 1984); see also DiRussa v. Dean Witter Reynolds,Inc., supra, 121 F.3d 826 ("Many cases have recognized that the public has a `common-law right of access' to judicial records."). "The court treats a protective order in the same way as it treats an injunction as to the requirement that the decision is to be based on the facts presently known to the court. Thus any facts or allegations which might appear in future pleadings, evidence or arguments may not be considered as to a present stay." Randall v. Halloran Sage,supra, Superior Court, Docket No. 2/28/94.
Practice Book § 211B provides:
 (a) Except as provided in this rule and except as otherwise provided by law, including Sec. 221, the court shall not order that the public, which may include the news media, be excluded from any portion of a proceeding and shall not order that any files, affidavits, documents, or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited.
 (b) Upon motion of any party, or upon its own motion, the court may order that the public be excluded from any portion of a proceeding and may order that files, affidavits, documents or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited if the court concludes that such order is necessary to preserve an interest which is determined to override the public's interest in attending such proceeding or in viewing such materials. Any such order shall be no broader than necessary to protect such overriding interest.
 (c) In connection with any order issued pursuant to paragraph (b) of this rule, the court shall, on the record in open court, articulate the overriding interest being protected and shall specify its findings underlying such order. The time and date of any such order shall be entered by the court clerk in the court file together with such order. CT Page 13123 With the exception of orders concerning any session of court conducted pursuant to Gen. stat. §§ 46b-11, 46b-49, and 46b-122
or any other provision of the general statutes under which the court is authorized to close proceedings, no order excluding the public from any portion of a proceeding shall be effective until seventy-two hours after it has been issued.
 (d) With the exception of orders concerning any session of court conducted pursuant to Gen. stat. §§ 46b-11, 46b-49, 46b-122 or any other provision of the general statutes under which the court is authorized to close proceedings, any person affected by a court order issued pursuant to paragraph (b) which concerns the public's right to access any portion of a proceeding shall have the right to appeal the order within seventy-two hours of its issuance by filing a petition for review with the appellate court pursuant to the appellate court rules.
 (e) The provisions of this rule shall not apply to settlement agreements which have not been incorporated into a judgment of the court.
Because § 211B is a recently adopted Practice Book section,[1]
research for cases addressing motions brought pursuant to § 211B has uncovered only three unpublished Connecticut Superior Court decisions. InSaundry v. Saundry, Superior Court, judicial district of New Haven at Meriden, Docket No. 253546 (July 15, 1996, Silbert, J.) (17 CONN. L. RPTR. 373), the parties to a dissolution of marriage action jointly moved to seal the file and close the hearings in the case. The plaintiff was concerned with disclosure of financial information relevant to her solo law practice, and both parties were concerned about disclosures that would affect the parties' minor children.[2] Citing Practice Book § 211B, the court held that "[t]he plaintiff's concern about disclosure of her financial situation is not such an overriding interest," but that the concerns regarding the children could at some point rise to the level of such an overriding interest. The court, however, denied the motion to seal the file, without prejudice, because at the stage of the proceedings of the case, merely invoking "generalized concerns" did "not outweigh our system's basic bias in favor of public courts and open records and proceedings." Id.
In Randall v. Halloran Sage, supra, Superior Court, Docket No. 2/28/94, the plaintiff brought suit against the defendants alleging breach of contract and intentional infliction of emotional distress arising out of a partnership relationship between the parties. The defendants sought a protective order to seal the pleadings or any documents which would disclose aspects of the partnership relationship, specifically matters CT Page 13124 covered by the attorney-client privilege and proprietary or confidential information. The court noted that there was no indication of any item in the court file the disclosure of which would violate the, attorney-client privilege, and that the firm's gross income was not confidential. The decision noted that, although internal financing efforts were mentioned, they appeared to have a possible effect on the interests and motives of the parties. Thus, the court denied the motion for protective order.
Finally, in The Matter of Reisman, supra, Superior Court, a case involving a petition for accounting of a trust, the trustees requested that the trust accounting and the trust document be kept confidential. The court determined that probate court files and the documents contained therein should be accessible to the public unless a statutory provision provided otherwise. The court held that even though the probate court possesses the implied power, under General Statutes § 45a-98(a) (6), to "make such orders necessary to enable the Court to carry out its statutory functions," the privacy interests involved were not sufficient to outweigh the public's interest in open and accessible probate court files. The Matter of Reisman,supra, Superior Court. In addition, citing Practice Book § 211B, the court indicated that the language of § 211B "underscores the presumed primacy of the public's interest in having court records accessible." TheMatter of Reisman, supra, Superior Court.
The information sought to be protected by the parties in the present case involves information alleged to be "confidential by virtue of the attorney-client privilege, or . . . by its very nature, of a highly personal nature." See proposed protective order. It is unclear exactly what information involved with the discovery process here would implicate confidential or highly personal material, since the court's ruling to permit the defendant's motion to strike original counts one and two of the third amended complaint may render much of the plaintiff's original interrogatories and requests for Production superfluous. Therefore "based on the facts presently known to the court," not on "facts or allegations which might appear in future pleadings, evidence or arguments"; Randall v.Halloran Sage, supra; the motion is denied.
The cases discussed, supra, demonstrate that there is a strong presumption against allowing the sealing of files. Saundry v. Saundry andRandall v. Halloran Sage involved parties who were concerned about disclosure of information related to their law practices. In fact, Saundry
and Randall are apparently the only cases reported in Connecticut which have addressed parties' concerns over the disclosure of personal financial or business information and the parties' efforts to keep such information from being open to public examination. The courts in both cases denied the protective orders. CT Page 13125
Additionally, because the parties have labeled their joint motion as a "motion for protective order and order to seal file," and because Practice Book § 221 addresses protective orders, § 221 provides guidance in determining the issue. Assuming that the information sought by the plaintiff would be otherwise discoverable under Practice Book § 218, the information may still be precluded from discovery pursuant to Practice Book § 221. Practice Book § 221 provides: "Upon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court." A party seeking protection under § 221 "`must make a threshold factual showing that there is "good cause" that the protective order issue.'" Lohr v. North American Van Lines, Superior Court, judicial district of Danbury, Docket No. 324223, 19 CONN. L. RPTR. 248
(February 18, 1997, Stodolink, J.), quoting Associated ConstructionCo. v. City of Milford, Superior Court, judicial district of Ansonia-Milford at Milford, Docket Nos. 025081, 025082 and 025083 (December 28, 1988, Kulawiz, J.) (4 C.S.C.R. 130). "`A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements.'"
In addition, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action."DiRussa v. Dean Witter, Inc., supra,, 121 F.3d 826. Similar to the parties in Saundry v. Saundry, supra, 17 CONN. L. RPTR. 373, the parties in the present case seem to be invoking merely generalized concerns about the information to be disclosed, and have not indicated with specificity why the court should issue the protective order and order to seal the file. The parties have not satisfied the burden of demonstrating to the court that the "protective order" and order to seal the file should be issued, and the joint motion for protective order and order to seal the file is therefore denied. CT Page 13126
The Court will turn to the last issue now before it, the motion for protective order.
The defendant argues that in connection with the deposition of Janet V. Sia, the defendant's office manager, the "plaintiff seeks a spectrum of documents regarding names, addresses and telephone numbers of clients, and client inquiry records" which are privileged.[3] Thus, the defendant moves for a protective order pursuant to Practice Book § 221. The plaintiff has objected to the motion for protective order, asserting that the defendant has failed to identify any privilege which would shield the documents sought from discovery and that the material sought is relevant to the plaintiff's claims.
The purpose of a protective order is to "protect a party from annoyance, embarrassment, oppression or undue burden or expense. . ." Practice Book § 221; see Beta Squared, Inc. v. Thor Designs, Superior Court, judicial district of Danbury, Docket No. 307139 (April 19, 1993, McGrath, J.) (9 CONN. L. RPTR. 1, 8 CSCR 486). "`The party seeking to bar a deposition must make a threshold showing that there is "good cause" that the protective order issue.'" Lohr v. North American Van Lines,supra, Superior Court, Docket No. 324223, 19 CONN. L. RPTR. 248, quoting Associated Construction Co. v. City of Milford,supra, 4 C.S.C.R. 130.
As a starting point, "[t]he granting or denial of a discovery request rests in the sound discretion of the court. . . . That discretion is limited, however, by the provisions of the rules pertaining to discovery. . . ." (Citations omitted.) Standard Tallow Corp. v. Jowdy,190 Conn. 48, 57-58, 459 A.2d 503 (1983). "Communications protected by the attorney-client privilege are not discoverable. Practice Book § 219." Tunick v. Day, Berry Howard, 40 Conn. Sup. 216, 218,486 A.2d 1147 (1984).[4] "The burden of proving facts essential to the privilege is on the person asserting it." Id., 219, citingState v. Hanna, 150 Conn. 457, 466, 191 A.2d 124 (1963). "This burden includes, of course, the burden of proving the essential element that the communication was confidential. The question of whether a communication is privileged is a question of law for the court to decide. . . ." (Citations omitted; internal quotation marks omitted.) Rehim v. Kimberly-Clark Corp. , Superior Court, judicial district of Danbury, Docket No. 323416, 18 CONN. L. RPTR. 517, (December 5, 1996, Leheny, J.), citing State v. Hanna, supra,, 150 Conn. 457. "Connecticut has adopted the common law principle of attorney-client privilege which has not been altered by statute. . . .`Where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal advisor, except the CT Page 13127 protection be waived. . . .'" (Citations omitted; internal quotation marks omitted.) Tunick v. Day, Berry Howard, supra, 40 Conn. Sup. 218, quoting Rienzo v. Santangelo,160 Conn. 391, 395, 279 A.2d 565 (1971); see Ullmann v. State, 230 Conn. 698, 711, 647 A.2d 324 (1994) ("The attorney-client privilege protects communications between client and attorney when made in confidence for the purpose of seeking or giving legal advice."). "[T]he attorney-client privilege is strictly construed . . . ." (Citation omitted.) Ullmann v. State, supra, 230 Conn. 710.
"Absent special circumstances where disclosure would in effect reveal confidential communications, client identity and fee information are not privileged." Olson v. Accessory Controls Equipment Corp. , Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525839 (March 17, 1997, Corradino, J.) (19 CONN. L. RPTR. 75); see United Statesv. Goldberger Dubin, P.C., 935 F.2d 501, 505 (2d Cir. 1991); In re TwoGrand Jury Subpoenae Duces Tecum, 793 F.2d 69, 71-72 (2d Cir. 1986); Rehimv. Kimberly-Clark Corp. , supra, Superior Court, Docket No. 323416,18 CONN. L. RPTR. 517. This is because "they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice." Vingelli v. United States(Drug Enforcement Agency), 992 F.2d 449, 452 (2d Cir. 1993). Accordingly, so far as the motion for protective order regarding the deposition of Ms. Sia seeks to preclude the plaintiff from procuring information relating to names, addresses and telephone numbers of clients of either Durant, Sabanosh, Nichols Houston, P.C. or Durant, Nichols, Houston, Mitchell Sheahan, P.C., the protective order is denied.
Production of all of the telephone message pad books of incoming calls seems to this court burdensome. To the extent messages probably contain confidential client information or confidences, they are privileged and the protective order sought as to these items is granted.
SO ORDERED.
Flynn, J.