[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CT Page 9554
The plaintiffs instituted this proceeding on October 25, 1999, against the town of Ridgefield and Abraham Morelli its First Selectman. The present action concerns the sale of 58 acres of land located on Route 35 in Ridgefield from the plaintiffs to the town pursuant to a sale at auction ordered by the United States Bankruptcy Court for the District of Connecticut.
A revision of the complaint alleges that the plaintiffs had a verbal agreement with Pinnacle Communities Ltd. ("Pinnacle"), not a party to the present action, for the sale and purchase of the subject property. Pinnacle "suddenly" and "without warning or explanation" withdrew from the agreement and refused to sign a written contract. The plaintiffs continue on asserting that Morelli knew of the verbal agreement with Pinnacle; that he informed potential bidders that the town would condemn the property if the town was not the successful bidder; that the town never had a genuine intention to condemn the property; that Morelli's sole purpose in making the threats to condemn the property was to intimidate other bidders and prevent them from bidding on the property; and that the result of Morelli's actions was that the plaintiffs did not receive the highest possible purchase price for the property and were deprived of the benefit of their agreement with Pinnacle and severely damaged. Several of the plaintiffs' allegations are prefaced by the phrase "upon information and belief."
Count one of the revised complaint alleges tortious interference with contractual and business relations. Count two alleges that the defendants are in the business of buying and selling real estate such that they are engaged in trade or commerce, that the defendants' conduct offends public policy in violation of our Unfair Trade Practices Act (CUTPA), and that the plaintiffs suffered ascertainable loss of money or property as a result of the defendants' conduct.
The defendants have moved to strike the revised complaint on the grounds that the plaintiffs failed to allege facts to support their claims and that CUTPA does not apply to municipalities. A timely objection to the motion to strike was filed in response thereto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998); see also Practice Book § 10-39. "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66, 68
(1997). The role of the trial court in ruling on a motion to strike is CT Page 9555 "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308 (1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
The defendants first argue that the revised complaint fails to allege facts to support their causes of action because several allegations are prefaced with the phrase "upon information and belief." The defendants contend that the phrase renders the allegation a legal conclusion. In support of their argument they cite Curie v. Aetna Casualty SuretyCo., Superior Court, judicial district of Hartford, Docket No. 558900 (August 12, 1999, Mulcahy, J.), and Home Savings of America v. Hier, Superior Court, judicial district of Danbury, Docket No. 330825 (November 2, 1998, Moraghan, J.) ("[A]n allegation based on "information and belief does not inspire great confidence that the pleader knows whereof he speaks.").
Those cases cited by the defendants are, however, distinguishable from the present action. In both of those cases, the plaintiffs did not state the underlying facts for their claims; they merely recited the elements of their causes of action prefaced by "upon information and belief." In the present action, the plaintiffs' allegations do set forth predicate facts that support the elements of their causes of action as opposed to merely conclusorily reciting the elements of the claims. The reasoning ofHome Savings and Curie does not stand for the proposition that an allegation of fact is turned into a legal conclusion by the inclusion of the phrase "upon information and belief."
"The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have the opportunity to deny them." Smith v. Furness, 117 Conn. 97,99 (1933). "Whether an allegation presents a mere legal conclusion depends on whether it sets forth an indication of the subordinate issues that will be involved at trial." Curie v. Aetna Casualty Surety Co., supra, Superior Court, Docket No. 558900. The plaintiffs did plead factual allegations to support their causes of action. They are not required to plead the evidence that they will use to prove those facts. CT Page 9556 See Practice Book § 10-1 ("Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. . . ."). The plaintiffs' pleadings sufficiently apprise the defendants of the facts that the plaintiffs intend to prove and provide the defendants with an opportunity to deny those facts.
Count one of the revised complaint alleges tortious interference with a business or contractual relationship. "The necessary elements of a cause of action in tortious interference with business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. . . . A plaintiff states an actionable cause [for tortious interference with a contract] by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss." (Citations omitted; internal quotation marks omitted.) "[T]he plaintiff [is required] to plead and prove at least some improper motive or improper means." (Emphasis omitted; internal quotation marks omitted.) "[T]o raise an allegation of wilful conduct, the plaintiff must clearly plead that the [harm] was caused by the wilful or malicious conduct of the defendants. . . . Moreover, we cannot look beyond the complaint for facts not alleged." (Citations omitted; internal quotation marks omitted.)Holler v. Buckley Broadcasting Corp., 47 Conn. App. 764, 768-69 (1998). The plaintiffs did not merely recite the elements of tortious interference; such a recitation would be a legal conclusion. They allege the nature of their business relationship and name of the third party involved. The plaintiffs allege that Morelli knew of the relationship and identified Morelli's negotiations with the third party on another real estate transaction as support for their allegation. Instead of merely alleging that the defendants interfered in the business relationship, they allege exactly how the plaintiffs believe the defendants interfered and the outcome of that interference. The defendants have sufficient notice of the plaintiffs' allegations and the facts that the plaintiffs intend to prove to sustain those allegations. The motion to strike count one is therefore denied.
The defendants move to strike count two on the grounds that the plaintiffs failed to allege sufficient facts to support a cause of action under CUTPA and that CUTPA does not apply to municipalities. Because the court finds that municipalities are exempt from CUTPA the court will not address the sufficiency of the plaintiffs' factual allegations with regard to count two.
In support of their argument that municipalities are exempt from liability under CUTPA, the defendants rely on § 42-110c which CT Page 9557 provides in relevant part: "EXCEPTIONS. (a) Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States . . . General Statutes § 42-110c (a). Interpreting § 42-110c, our Supreme Court has held that "a municipal housing authority is exempted from liability under CUTPA when it leases subsidized rental units to low income tenants."Connelly v. Housing Authority, 213 Conn. 354, 365 (1990). Similarly, in holding that a municipality is not subject to CUTPA in the assessment or collection of real estate taxes, the court noted: "The process by which the city assesses real estate is authorized and regulated expressly by a pervasive statutory scheme. . . . In addition, the procedures by which a taxpayer may challenge those assessments are set forth by a statutory scheme that carefully balances both the procedural and substantive remedies. . . . Furthermore, the processes by which the city may collect unpaid taxes are set forth explicitly by statute." (Citations omitted.)Danbury v. Dana Investment Corp., 249 Conn. 1, 20 (1999).
Neither Connelly nor Dana Investment expressly hold that municipalities in general are not subject to CUTPA. Nonetheless, the great weight of Superior Court decisions have relied upon Connelly and Dana Investment to support the conclusion that CUTPA does not apply to municipalities. See, e.g., Nettleton Mechanical Contractors, Inc. v. Meriden, Superior Court, judicial district of Waterbury, Docket No. 146838 (February 3, 2000, Doherty, J.); Colon v. GEICO Casualty Co., Superior Court, judicial district of New Haven, Docket No. 419197 (July 28, 1999, Moran, J.);Laclair v. East Hartford Housing, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 574379 (February 3, 1998,Wagner, J.) (21 Conn.L.Rptr. 359); Barnes v. General Electric Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529354 (July 25, 1995, Hennessey, J.) (14 Conn.L.Rptr. 455);Stratford v. Siciliano, Superior Court, judicial district of Bridgeport, Docket No. 296847 (September 13, 1993, Leheny, J.) (9 Conn. L. Rptr. 507);. The plaintiffs rely on Connelly and Dana Investment to support their argument that municipalities are not absolutely exempt from CUTPA. They have cited no authority, however, expressly supporting their argument, nor has the court's research revealed any cases holding that a municipality is subject to CUTPA. This court is in accord with the numerous Superior Court decisions which have held that CUTPA is inapplicable to the acts of a municipality. Accordingly, the defendants' motion to strike the plaintiffs' second count alleging a CUTPA claim is granted.
The court "may, on motion [to compel production], make such order as the ends of justice require." (Internal quotation marks omitted.)Metropolitan Life Ins. Co. v. Aetna Casualty and Surety Co., 249 Conn. 36, CT Page 9558 51 (1999). Such sanctions may include the award to the discovering party of the costs of the motion, including a reasonable attorney's fee. Documents and tangible things prepared in the ordinary course of business are clearly discoverable under Practice Book § 13-2. Materials "prepared in anticipation of litigation or for trial," pursuant to Practice Book § 13-3, are only discoverable by the party upon a showing of both "substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Practice Book § 13-3
(a); Lopez v. Transportation General, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 070336 (April 14, 1994,Arena, J.). The work product doctrine protects only documents and tangible things; it does not protect facts learned from documents or things. See Falvey's, Inc. v. Republic Oil Co., Superior Court, judicial district of New London at New London, Docket No. 500987 (November 3, 1998, Schimelman, J.) (3 C.S.C.R. 931, 932). There is no shield against discovery of the facts that the opponent has acquired or the person from whom the facts were obtained. Id.
Our Supreme Court has defined "[w]ork product . . . [as] the result of an attorney's activities when those activities have been conducted with a view toward litigation." Metropolitan Life Ins. v. Aetna Casualty Surety, 249 Conn. 36, 51-52 n. 17 (1999); see also Stanley Works v. NewBritain Redevelopment Agency, 155 Conn. 86, 95 (1967). "The attorney's work must have formed an essential step in the procurement of the data which the opponent seeks, and the attorney must have performed duties normally attended to by attorneys." Stanley Works v. New BritainRedevelopment Agency, supra; see also Barksdale v. Harris,30 Conn. App. 754, 761 (1993). "[T]he lack of involvement of counsel [in securing the requested information] bars the application of the work-product privilege [to the requested information]." Jacques v.Cassidy, 28 Conn. Sup. 212, 219 (1969).
"Communications protected by the attorney-client privilege are not discoverable." (Internal quotation marks omitted.) Dept. ofTransportation v. Steinman Bovnton Gronquist Birdsall, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 571964 (May 27, 1998, Hennessey, J.) (22 Conn.L.Rptr. 233, 235) citingTunick v. Day, Berry Howard, 40 Conn. Sup. 216, 218 (1984). "The attorney-client privilege applies to communications: (1) made by a client; (2) to his or her attorney; (3) for the purpose of obtaining legal advice; (4) with the intent that the communication be kept confidential." Pagano v. Ippoliti, 245 Conn. 640, 649 (1998). "The attorney-client privilege protects communications between client and attorney when made in confidence for the purpose of seeking or giving legal advice." State v. Turner, 252 Conn. 714, 732-733 (2000). "A CT Page 9559 communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked with the giving of legal advice." Ullman v. State,230 Conn. 698, 713 (1994). The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him [or her] to give sound and informed advice." Shew v. Freedom of Information Commission,245 Conn. 149, 157 (1998). The attorney-client privilege also protects communications from and to a municipal or corporate entity.
"[W]here the status of a document cannot be discerned from the face of a discovery request . . . the party opposed to discovery has the burden of both asserting and establishing the applicable privilege." Babcock v.Bridgeport Hospital, 251 Conn. 790, 848 (1999). Unfortunately, here the record is insufficient to determine whether the specific requests in the motion to compel are discoverable or are protected by the work-product doctrine or the attorney-client privilege. The motion does not specify the materiality or relevance of the individual requests. Such determinations are to be made by the court in its discretion. The plaintiffs' objection does not sufficiently establish that the information sought constitutes work-product or is protected by the attorney-client privilege. The defendants merely allege that the information requested by the plaintiffs contains, or may contain, information protected by the attorney-client privilege or work-product doctrine. If and when the court determines that certain materials are protected under the work-product doctrine, then the plaintiffs must prove substantial need and undue hardship. The plaintiffs' motion does not address the issue of substantial need or undue hardship. Therefore, the court declines to offer a ruling thereon.
Moraghan, J.