[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (DOCKET ENTRY NO. 103)
Before the court is the defendants' motion to strike counts three and four of the plaintiff's complaint. On February 23, 2001, the plaintiff, William Picard, filed a four count complaint against the defendants, James G. O'Rourke and the Law Offices of James G. O'Rourke, alleging damages in connection with legal services performed for the plaintiff by the defendants. Specifically, the plaintiff alleges causes of action CT Page 10966 against the defendants for breach of contract (count one), legal malpractice (count two), violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq. (count three), and negligent infliction of emotional distress (count four). On March 29, 2001, the defendants filed a motion to strike counts three and four of the plaintiff's complaint. The plaintiff filed an objection to the motion on April 11, 2001, and a memorandum in support thereof.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
The defendants move to strike count three of the plaintiff's complaint on the ground that the plaintiff's CUTPA claim is legally insufficient because "the plaintiff has failed to allege with . . . the required particularity how or in what respect the defendants' alleged activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Defendants' Memorandum, p. 3.) Specifically1 the defendants argue that the plaintiff has merely "incorporated by reference his allegations regarding legal malpractice and breach of contract, adding a few paragraphs of legal conclusions." (Defendants' Memorandum, pp. 2-3.) The plaintiff contends that count three is "replete with facts that support precisely the type of conduct that CUTPA was designed to address." (Plaintiff's Memorandum, p. 3.)
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "[P]rofessional negligence — that is, malpractice — does not fall under CUTPA. . . . CUTPA covers only the entrepreneurial or commercial aspects of the profession of law. The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — CT Page 10967 should be excluded for public policy reasons." (Citations omitted; internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital,243 Conn. 17, 34-35, 699 A.2d 964 (1997); see also Beverly HillsConcepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79,717 A.2d 724 (1998) ("professional malpractice does not give rise to a cause of action under CUTPA") The entrepreneurial aspects of legal practice include "solicitation of business and billing practice, as opposed to claims directed at the competence of and strategy employed. by the [defendant]." (Internal quotation marks omitted.) Haynes v. Yale-NewHaven Hospital, supra, 243 Conn. 35-36.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . CUTPA reflects a public policy that favors remedying wrongs that may not be actionable under other bodies of law." (Citation omitted; internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 43, 717 A.2d 77 (1998).
In paragraph twenty-four of count three, the plaintiff alleges, inter alia, that the defendants issued a bill for services that "[u]pon information and belief . . . was created only after the plaintiff confronted the defendants about the loss of his residence through the foreclosure and intentionally manufactured a reason to blame the plaintiff in order to cover up their own negligence in handling the file." The defendants argue that because the plaintiff's allegation is prefaced with the phrase "upon information and belief" it is a mere legal conclusion and therefore, insufficient to support a CUTPA claim. In support of their argument the defendants cite Wiacek v. Safeco Ins. Co. of America, Superior Court, judicial district of Danbury, Docket No. 329601 (March 31, 1998, Radcliffe, J.) ("an allegation based upon reasonable information and belief is properly viewed as a legal conclusion, particularly when the plaintiff has made no attempt to plead facts establishing . . . the alleged CUIPA violation.").
Wiacek is distinguishable from the present case because in that case CT Page 10968 the plaintiff did not state the underlying facts for her claim, but rather merely recited an element of her cause of action prefaced by "upon reasonable information and belief." In the present action, the plaintiff's allegations do set forth predicate facts that support her CUTPA claim and, therefore, they are legally sufficient. The reasoning ofWiacek does not stand for the proposition that an allegation of fact is turned into a legal conclusion by the inclusion of the phrase "upon information and belief." See Ippoliti v. Ridgefield, Superior Court, judicial district of Danbury, Docket No. 337600 (August 7, 2000,Moraghan, J.) (27 Conn. L. Rptr. 629). Accordingly, the defendants' motion to strike count three is denied.
The defendants next move to strike count four of the plaintiff's complaint on the ground that the plaintiff's claim for negligent infliction of emotional distress arises solely from property damage. The defendants argue that Connecticut law does not recognize a cause of action for negligent infliction of emotional distress when such distress arises solely from property damage. The plaintiff contends that he has sufficiently pleaded a cause of action for negligent infliction of emotional distress because he "has alleged facts . . . that form a basis for recovery for injury resulting from other than loss of property." (Plaintiff's Memorandum, p. 6.)
"[I]n order to state . . . a claim [for negligent infliction of emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 88,700 A.2d 655 (1997) "[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. Nevertheless, we recognize that the protection the law accords to `the interest in one's peace of mind' . . . must be limited so as not to open up a wide vista of litigation in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than the law." (Citation omitted; internal quotation marks omitted.) Montineri v.Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180
(1978). "No Connecticut cases specifically allow recovery for negligent infliction of emotional distress resulting from an injury solely to property." (Internal quotation marks omitted.) Deleo v. Reed, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 172435 (January 3, 2000, Hickey, J.); see also Hixon v. Eilers, Superior Court, judicial district of Hartford at Hartford, Docket No. 592937 (February 13, 2001, Fineburg, J.); East v. Rosemont Assn., Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CT Page 10969 141496 (February 28, 1996, Ryan, J.)
In the present case, the plaintiff is seeking recovery for negligent infliction of emotional distress resulting from an injury solely to his property and, therefore, he fails to sufficiently allege a cause of action for negligent infliction of emotional distress. See Hixon v. Eilers, supra, Superior Court, Docket No. 592937. Accordingly, the defendants' motion to strike count four is granted.
In conclusion, the defendants' motion to strike is denied as to count three and granted as to count four.
SKOLNICK, J.